CARL D. AND JOANN MARACLE, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent; CARL D. MARACLE, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Maracle
Docket Nos. 7942-89, 11195-91
United States Tax Court
T.C. Memo 1993-14; 1993 Tax Ct. Memo LEXIS 14; 65 T.C.M. (CCH) 1738; January 12, 1993, Filed *14 Decision will be entered under Rule 155 in docket No. 7942.89. Decision will be entered for respondent in docket No. 11195-91. Carl D. Maracle, pro se. For Respondent: Matthew I. Root. PAJAK
PAJAK
MEMORANDUM OPINION PAJAK, Special Trial Judge: This case was heard pursuant to the provisions of section 7443A(b)(3) and Rules 180, 181, and 182. All section numbers refer to the Internal Revenue Code for the taxable years in issue. All Rule numbers refer to the Tax Court Rules of Practice and Procedure. Respondent determined deficiencies in petitioners' 1985, 1986, and 1988 Federal income tax of $ 3,127, $ 3,164.03, and $ 5,646, respectively. Respondent also determined the following additions to tax: Additions to Tax
1985
1986
1988
Sec. 6651(a)(1)
--
$ 316.40
--
Sec. 6653(a)(1)
$ 156.35
--
$ 282.30
Sec. 6653(a)(1)(A)
--
$ 158.20
--
Sec. 6653(a)(2)
[1]
--
--
Sec. 6653(a)(1)(B)
--
[1]
--
Only petitioner *15 Carl D. Maracle (petitioner) filed a petition for 1988 in docket No. 11195-91. This Court previously granted respondent's motion for partial summary judgment, and held that petitioners were not exempt from Federal income taxation for 1985 and 1986 because they are members of the Mohawk Nation of Indians, a constituent nation of the Iroquois Confederacy of Six Nations. . Accordingly, in that opinion this Court sustained the deficiencies in petitioners' 1985 and 1986 Federal income tax in the amounts set forth above. The issues the Court must decide are: (1) Whether petitioner is collaterally estopped from asserting that his income for 1988 is exempt from Federal income taxation because he is a member of the Iroquois Confederacy of Six Nations; (2) whether petitioner had taxable income in 1988 even though he is a member of the Iroquois Confederacy of Six Nations; (3) whether petitioners untimely filed their 1986 Federal income tax return and therefore are liable for an addition to tax under section 6651(a)(1); and (4) whether petitioners are liable for additions to tax for negligence under section 6653(a) *16 for 1985 and 1986, and whether petitioner is liable for an addition to tax for negligence under section 6653(a)(1) for 1988. For clarity and simplicity, we have combined the findings of fact and conclusions of law. Some of the facts have been stipulated and are so found. Petitioners are members of the Mohawk Nation of Indians, a constituent nation of the Iroquois Confederacy of Six Nations. They resided in Ontario, Canada, at the time the petitions for these consolidated cases were filed. In 1988, petitioner worked as an electrician for several employers. He reported on his 1988 Federal income tax return the receipt of $ 45,583.38 in wages, $ 97.89 in interest, and $ 1,080 in unemployment compensation. Nevertheless, on his return petitioner reported $ 0 of taxable income and requested a refund for the $ 3,921.47 which had been withheld by his various employers. Despite this Court's prior opinion in petitioners' case, petitioner argues that he is exempt from taxation because of his status as a member of the Iroquois Confederacy of Six Nations. Respondent asserts that this Court's order that petitioners are not exempt from tax for 1985 and 1986 collaterally estops petitioner *17 from challenging his 1988 tax liability on this ground. Collateral estoppel applies in a second action based upon a different cause, such as a different tax year, where the prior action involved the identical issue, the issue was actually litigated, and the material facts and the law remain unchanged from a prior action. . Collateral estoppel also requires a final judgment rendered by a court of competent jurisdiction. ; , affd. . This Court's earlier order was an interlocutory order, not a final decision. Accordingly, petitioner is not collaterally estopped from litigating his tax-exempt status for 1988. Sections 1 and 61(a) subject the taxable income of "every individual" to tax, and include income "from whatever source derived", that is not specifically excluded elsewhere. Furthermore, the Supreme Court has held that "Indians are citizens and that in ordinary affairs of life, not governed by treaties or *18 remedial legislation, they are subject to the payment of income taxes as are other citizens. * * * to be valid, exemptions to tax laws should be clearly expressed." . An exemption from Federal income taxation must be based upon express language in a statute or treaty. ; . Although petitioner submitted numerous quotations from treaties, statutes, and the United States Constitution, he failed to produce any explicit language that exempted a member of the Iroquois Confederacy of Six Nations from taxation. On this record, we conclude that no such language exists. . Accordingly, petitioner is not exempt from Federal income taxation. He is liable to pay his taxes. Respondent's determination that petitioners are liable for the addition to tax under section 6651(a)(1) must be sustained unless petitioners' failure to file a timely tax return for 1986 was due to reasonable *19 cause and not willful neglect. We find petitioner's testimony that he mailed the 1986 Federal income tax return on April 15, 1987, to be credible. Therefore, we hold that petitioners are not liable for the addition to tax under section 6651(a)(1). Section 6653(a)(1) and section 6653(a)(1)(A) provide for an addition to tax if any part of the underpayment is due to negligence or intentional disregard of rules or regulations for the respective years at issue. Section 6653(a)(2) and section 6653(a)(1)(B) provide for a further addition to tax in the amount equal to 50 percent of the interest payable on the portion of the underpayment attributable to negligence or intentional disregard of rules or regulations for 1985 and 1986, respectively. Petitioner has the burden of proving that any underpayment of tax was not due to negligence. Rule 142(a); ; . Under section 6653, negligence is the lack of due care or failure to do what a reasonable and ordinarily prudent person would do under the circumstances. . *20 Petitioner's specious attitude is evidenced by the following: THE WITNESS: Oh, I pay income tax, Your Honor. They take it right out of my paycheck when I am working. I just ask for it back at the end of the year and the government has sent it back to me at the end of the year and we are here because the government wants it back. It's not as though I didn't pay, as the defendant [sic] sort of states that I don't pay income tax. I would like to make that clear, Your Honor.
Upon consideration of the record, we find that petitioners did not act with reasonable care. Thus, we hold that petitioners are liable for the additions to tax under section 6653(a) on the full amount of the underpayments for 1985 and 1986, and that petitioner is liable under section 6653(a) for 1988. Decision will be entered under Rule 155 in docket No. 7942-89. Decision will be entered for respondent in docket No. 11195-91. Footnotes
1. 50 percent of the interest due on the underpayment of tax that is due to negligence.↩